8/31/2018 9:59 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-005143
Daniel Smith

Cause No. D-1-GN-18-005143

| | | |
|---|---|---|
| WATERLOO RECORDS & VIDEO, INC., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| JAM FEST, LLC D/B/A WATERLOO | § | 353RD |
| MUSIC FESTIVAL; HEARD PRESENTS; | § | _____ JUDICIAL DISTRICT |
| AND HAVIN' A BALL PRODUCTIONS | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL PETITION FOR TRADEMARK INFRINGEMENT AND DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

Plaintiff Waterloo Records & Video, Inc. ("Plaintiff" or "Waterloo Records"), appearing through its undersigned counsel, alleges as follows:

### NATURE OF CASE

1.  This is an action for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the Texas Business and Commerce Code; and for trademark infringement, unfair competition, and unjust enrichment under Texas common law.

### PARTIES

2.  Plaintiff is a Texas corporation with its principal place of business at 600 North Lamar Boulevard, Austin, Texas 78703.

3.  Upon information and belief, Jam Fest, LLC is a limited liability company organized in Texas with its principal office and place of business at 5323 Levander Loop in Austin, Travis County, Texas. Jam Fest, LLC can be served with process via its registered agent, Christopher Edward Douglas, 5323 Levander Loop, Austin, TX 78702.

4.      Upon information and belief, Heard Presents, LLC is a limited liability company organized in Texas with its principal office and place of business at 606 E 7th St., in Austin, Travis County, Texas. Heard Presents, LLC can be served with process via its registered agent, Christopher Edward Douglas, 606 E. 7th Street, Austin, TX 78701.

5.      Upon information and belief, Havin a Ball Productions, LLC is a limited liability company organized in Texas with its principal office and place of business at 5323 Levander Loop in Austin, Travis County, Texas. Havin a Ball Productions, LLC can be served with process via its registered agent, Holmes Law, PLLC, 5318 Weslayan #152, Houston, Texas 77005.

## DISCOVERY CONTROL PLAN

6.      Plaintiff intends that this action be governed by the rules applicable to cases under Discovery Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## JURISDICTION

7.      The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

## VENUE

8.      Venue is proper in Travis County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE 15.002 because a substantial part of the events or omissions giving rise to the claim occurred in Travis County or, alternatively, because Defendants resided in Travis County at the time of the accrual of the cause of action.

## JURY DEMAND

9.      Plaintiff demands a trial by jury.

## FACTS

**A.  PLAINTIFF AND ITS TRADEMARKS**

10.  Waterloo Records is an independent music retailer that has been an integral part of Austin's music scene since opening in 1982.  Waterloo Records sells records, CDs, videos, and many other products (including t-shirts bearing the mark Waterloo Records).  The Austin Chronicle Readers' Poll has awarded the title "Best Record Store" in its Best of Austin awards to Waterloo Records for the last thirty-six years. Additionally, Rolling Stone Magazine named Waterloo Records one of the best 25 record stores in the United States and the BBC named Waterloo Records one of the world's best record shops.

11.  Waterloo Records regularly (about two per week) hosts in-store performances featuring live musical performances by local and internationally known artists of all genres, especially during the South by Southwest conferences and festivals during which it hosts 28+ bands over a four-day period. Past in-store performers have included Willie Nelson, Sheryl Crow, the Texas Tornadoes, Nirvana, Spoon, Steve Earle, Ben Harper, Jimmy Cliff, Gary Clark, Jr., Dixie Chicks, John Hiatt, Emmy Lou Harris, Riche Havens, The Cult, the Church, Macklemore & Ryan Lewis, David Gray, Alejandro Escovedo, The Black Angels, and thousands more.

12.  Waterloo Records has been involved in numerous outdoor music festivals.  For example, Waterloo Records has staffed a tent-store (from which it has sold music of the festival performers and hosted band meet-and-greet autograph sessions for fans) at every Austin City Limits Music Festival.  Waterloo Records has provided similar services at other outdoor music festivals such as Sound on Sound Fest, Fun Fun Fun Fest, Utopia Fest, NYC's Governors Ball Fest, and Atlanta's Music Midtown Fest.

13.     All of these products and services have been continuously offered by Plaintiff under the mark Waterloo Records (the "Waterloo Records Marks").

14.     Plaintiff's Waterloo Records Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's products and services to the consuming public.

15.     As a result of Plaintiff's long use and promotion of the Waterloo Records Marks, the marks have become distinctive to designate Plaintiff, to distinguish Plaintiff and its products and services from those of others, and to distinguish the source or origin of Plaintiff's products and services. As a result of these efforts by Plaintiff, the consuming music public in Texas (as well as throughout the United States) widely recognizes and associates the Waterloo Records Marks with Plaintiff.

16.     As a result of Plaintiff's long use and promotion of the Waterloo Records Marks, Plaintiff has acquired valuable common law rights in the Waterloo Records Marks.

17.     The Waterloo Records Marks are famous and distinctive pursuant to TEX. BUS. & COM. CODE § 16.103.

**B.     DEFENDANTS' INFRINGING ACTIVITIES**

18.     Defendants have announced that they will be holding the first Waterloo Music Festival in Austin, Texas on September 7-9, 2018. The festival will feature live musical performances.

19.     Defendants are using and promoting the Waterloo Music Festival mark in commerce throughout Austin and online. Defendants' use of the Waterloo Music Festival mark began long after Plaintiff developed rights in the Waterloo Records marks and after Plaintiff's Waterloo Records Marks became famous.

20. Defendants are not affiliated with or sponsored by Plaintiff and have not been authorized by Plaintiff to use the Waterloo Music Festival Mark, Plaintiff's Waterloo Records Marks, or any confusingly similar marks.

21. Upon on information and belief, Defendants were made aware of the infringing nature of the Waterloo Music Festival mark and were advised to clear the mark with Plaintiff. Defendants have ignored that advice.

22. Plaintiff has repeatedly notified Defendants of Plaintiff's rights in the Waterloo Records Marks, and has made numerous attempts to resolve this dispute prior to filing this lawsuit. Despite Plaintiff's attempts to resolve this matter amicably, Defendants have not ceased using the Waterloo Music Festival mark.

C.  **EFFECT OF DEFENDANTS' ACTIVITIES**

23. Defendants' unauthorized use of the Waterloo Music Festival mark has caused and is likely to continue to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff. For example, Plaintiff has been contacted by multiple third parties asking how they could sponsor be associated with the Waterloo Music Festival. Additionally, multiple employees of Plaintiff have been approached by friends and customers asking for details about the Waterloo Music Festival, assuming that the Festival is affiliated with Waterloo Records.

24. Defendants' unauthorized use of the Waterloo Music Festival mark falsely designates the origin of their goods and services, and falsely and misleadingly describes and represents facts with respect to Defendants and their goods and services.

25. Defendants' unauthorized use of the Waterloo Music Festival mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff over the last thirty-six years, and to gain acceptance for Defendants' goods and services not solely on their own merits, but on the reputation and goodwill of Plaintiff, its Waterloo Records Marks, and its products and services.

26. Defendants' unauthorized use of the famous Waterloo Records Marks is likely to dilute those marks.

27. Defendants' unauthorized use of the Waterloo Music Festival mark unjustly enriches Defendants at Plaintiff's expense. Defendants have been and continue to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendants have taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the Waterloo Records Marks developed and owned by Plaintiff, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own businesses.

28. Defendants' unauthorized use of the Waterloo Music Festival mark removes from Plaintiff the ability to control the nature and quality of the products and services provided under the Waterloo Records Marks, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

29. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

### COUNT I:  COMMON LAW TRADEMARK INFRINGEMENT

30. Plaintiff repeats the allegations above as if fully set forth herein.

31. The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

### COUNT II: COMMON LAW UNFAIR COMPETITION

32. Plaintiff repeats the allegations above as if fully set forth herein.

33. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

### COUNT III: DILUTION UNDER TEXAS LAW

34. Plaintiff repeats the allegations above as if fully set forth herein.

35. The acts of Defendants complained of herein constitute dilution by blurring and/or by tarnishment of Plaintiff's famous Waterloo Records Marks in violation of Texas Business and Commerce Code § 16.103.

36. Defendants willfully intended to trade on the recognition of Plaintiff's famous Waterloo Records Marks and/or to harm the reputation of the marks.

### COUNT IV: UNJUST ENRICHMENT

37. Plaintiff repeats the allegations above as if fully set forth herein.

38. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

### COUNT V: FEDERAL UNFAIR COMPETITION

39. Plaintiff repeats the allegations above as if fully set forth herein.

40. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## PRAYER

**WHEREFORE,** Plaintiff requests that:

(a) Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Waterloo Music Festival mark, Plaintiff's Waterloo Records Marks, and any other mark, name, or design that is confusingly similar to or likely to cause dilution of those marks, names, or designs, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all products, packaging, signage, tickets, clothing, advertisements, internet postings and advertisements, and any other materials bearing or using the Waterloo Music Festival Mark, Plaintiff's Waterloo Records Marks, and any other mark, name, or design that is confusingly similar to or likely to cause dilution of those marks, names, or designs;

(c) Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendants' infringement, dilution, false designations of origin, unfair competition, and unfair and deceptive business practices and that said damages be trebled;

(e) An accounting be directed to determine Defendants' profits resulting from Defendants' activities, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f) Plaintiff recover its reasonable and necessary attorneys' fees;

(g) Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(h) Plaintiff recover such other relief as the Court may find appropriate.

Respectfully submitted,

**OAKS, HARTLINE & DALY, LLP**
5524 Bee Caves Rd., Ste. K-1
Austin, Texas 78746
Telephone: (512) 469-9800
Telecopier: (512) 320-1515
BY: */s/ Joseph A. Stallone*
**Joseph A. Stallone**
State Bar No. 00797485
stallone@ohdlegal.com
**Andrea Villarreal**
State Bar No. 24076753
villarreal@ohdlegal.com

**PIRKEY BARBER, PLLC**
600 Congress Av., Suite, 2120
Austin, Texas 78701
Telephone: (512) 322-5200
BY: */s/ Jered Matthysse*
**Jered Matthysse**
State Bar No. 24072226
jmatthysse@pirkeybarber.com
**Steven Espenshade**
State Bar No. 24074183
sespenshade@pirkeybarber.com

ATTORNEYS FOR PLAINTIFF
WATERLOO RECORDS & VIDEO, INC.